IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TED DIONISIO and
MEYLIN DIONISIO,

             Plaintiffs,

             v.

DAVISON DESIGN & DEVELOPMENT
INC, a Pennsylvania Corporation doing
Business as DAVISON DESIGN,
GEORGE M. DAVISON, III, individually,
and MAZE INNOVATIONS INC. a
Missouri Corporation doing business as
HUGS PET PRODUCTS,

             Defendants.

14cv1631
**ELECTRONICALLY FILED**

<u>MEMORANDUM OPINION ON DEFENDANTS' MOTION TO COMPEL ARBITRATION
AND RULE 11(B) MOTION FOR SANCTIONS (DOC. NOS. 12 AND 13)</u>

**I.    Introduction**

This is a breach of contract action with related state law claims in which the primary basis of federal jurisdiction is diversity of citizenship. Plaintiffs, Ted Dionisio and Meylin Dionisio, are inventors of pet related products that they sought to have manufactured and brought to market with the assistance of Defendant Davison Design and Development, Inc. (Davison Design). Davison Design and Plaintiffs entered into several contracts whereby Davison Design agreed to provide design, development, promotion, licensing and patent information and services for inventor Plaintiffs. This Court has had two (2) prior opportunities to review the applicable contracts between Davison Design and its customers, as two (2) other lawsuits have been commenced before this Court by former customers of Davison Design, and this Court has twice

1

decided the issue of whether an arbitration clause compelled dismissal of those suits - - both times finding that arbitration was required under the terms of the parties agreements. *Wee v. Davison Design & Development, Inc., et al.*, 13-cv-01678 (*Wee*) and *Sabina v. Davison Design & Development, et al.*, 14-cv-00160 (*Sabina*). This Court, in compelling arbitration , found by Memorandum Opinion in *Sabina* that the language in the invention related contract between Plaintiffs and Davison Design, which contains exactly the same language as in the present case, was "quite broad" and applied to the same causes of action raised by Plaintiffs in this case. In this case, the Court finds the same - - that Plaintiffs claims against Davison Design (and its owner George Davison III) are subject to arbitration. The only remaining conspiracy claim against Maze Innovations, a non-signatory to the contracts containing the arbitration clauses, will be stayed pending arbitration.

## II. Factual Background

According to the Complaint, Plaintiffs are inventors of "three separate pet related products that they desired to have manufactured and brought to market." Doc. No. 1 at ¶ 11. Plaintiffs entered into two primary contracts with Davison Design for each of their invention ideas – a Pre-Development and Representation Agreement and a New Product Sample Agreement. Attached to Complaint at Doc. Nos. 1-1 through 1-3. Critically, section III(C) of the Pre-Development and Representation Agreement, which was signed by each of the Plaintiffs' product ideas, states:

### C. Disputes; Arbitration

For any dispute, the parties agree to seek to resolve the dispute through good faith negotiation. For any dispute not resolved through good faith negotiation, the parties agree that all disputes shall be resolved through arbitration before the American Arbitration Association ("AAA") in Pittsburgh, Pennsylvania

using the Commercial Arbitration Rules in effect on the date that the claim is submitted to AAA. Client agrees that any claim must be brought in an individual capacity, and not as a plaintiff or class member in any purported class or representative proceeding.

Additionally, Section 6(A) of the New Product Sample Agreement, which was signed by each Plaintiff, contains a virtually identical provision:

**6. CHOICE OF LAW; ARBITRATION; CURE**

A. This Agreement shall be governed by the law of the Commonwealth of Pennsylvania and is deemed to be executed, entered into and performed in Pittsburgh, Pennsylvania. For any dispute, the parties agree to seek to resolve the dispute through good faith negotiation. For any dispute not resolved through good faith negotiation, the parties agree that all disputes shall be resolved through arbitration before the American Arbitration Association ("AAA") in Pittsburgh, Pennsylvania using the Commercial Arbitration Rules in effect on the date that the claim is submitted to the AAA. Client agrees that any claim must be brought in an individual capacity, and not as a plaintiff or class member in any purported class or representative proceeding.

In total, Plaintiffs paid in excess of $45,000 to Davison Design for two separate contracts for each of their three products. After Davison Design allegedly failed to fulfill its obligations under the contracts, Plaintiffs filed the within lawsuit against Davison Design, George Davison, III, and Maze Innovations Inc. d/b/a Hug Pet Products ("Maze"). Prior to signing the NPSA, Maze was allegedly identified as the "target" corporation to which two of Plaintiff products would be presented. Doc. No. 1-4. According to Plaintiffs, Davison Design did not disclose any type of relationship between itself and Maze.

**III.    Applicable Standard of Review/Case Law**

Defendants move to compel arbitration and for sanctions. Recently, in <u>Guidotti v. Legal Helpers Debt Resolution, LLC</u>, 716 F.3d 764 (3d Cir. 2013), the United States Court of Appeals for the Third Circuit, citing <u>Somerset Consulting</u>, resolved the "split pronouncements on the

3

standard for deciding a motion to compel arbitration":

> . . . [w]here [as here] the affirmative defense of arbitrability of claims is apparent on the fact of a complaint (or. . . documents relied upon in the complaint), the FAA would favor resolving a motion to compel arbitration under a motion to dismiss standard without the inherent delay of discovery. That approach appropriately fosters the FAA's interest in speedy dispute resolution. In those circumstances, 'the question to be answered . . . becomes whether the assertion of the complaint, give the required broad sweep, would permit adduction of proofs that would provide a reasonable legal basis for rejecting the affirmative defense.

Guidotti, 716 F.3d at 774 (internal citations omitted).

The Federal Arbitration Act ("FAA") "creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate." 9 U.S.C. § 1 et seq. John Hancock Mutual Life Ins. Co. v. Olick, 151 F.3d 132, 136 (3d Cir. 1998) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983)). The FAA requires that agreements to arbitrate be enforced to the same extent as other contracts. 9 U.S.C. §§ 1, 2. The FAA applies broadly to cover any "written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy arising out of such contract or transaction." 9 U.S.C.A. § 2. See Roadway Package Sys., Inc. v. Kayser, 257 F.3d 287, 291-292 (3d Cir. 2001) (abrogated on other grounds).

Nonetheless, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." AT & T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 648 (1986) (quoting United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960)). Prior to ordering arbitration, the FAA requires the Court to make the following determinations: (1) whether the parties entered into a valid arbitration agreement, and (2) whether the specific dispute falls within the scope of that agreement. John Hancock, 151 F.3d at 137 (stating that "district court need only engage in a limited review to ensure that the dispute is arbitrable").

Moreover, "there is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'" AT & T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 650 (1986)(quoting United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960)).

IV.   **Discussion**

**Claims against Davison Design**

This Court, recognizing that all doubts should be resolved in favor of arbitrability of a dispute, finds that the arbitration clauses within both the Pre-Development Agreement and the NPSA, are valid and applicable to the disputes between Plaintiffs and Davison Design. See AT & T Technologies, Inc., 475 U.S. at 650. See also, Sandvik AB v. Advent Int'l Corp., 220 F.3d 99, 106 (3d Cir. 2000). The arbitration provisions are "quite broad" and apply to all of Plaintiffs' alleged claims against Defendant Davison Design.

As Defendants point out, and this Court agrees, this Court already held in the related *Wee*

case and in *Sabina*, that this same arbitration language encompassed all the causes of action (AIPA, fraud, breach of contract) against two of the three same Defendants (Davidson Design and George Davison, III). Just like the arbitration agreement in *Wee,* the parties' arbitration agreement in this case states that "<u>all disputes</u> shall be resolved through arbitration." (emphasis added). The Court is mindful that "[a]n arbitration provision should be interpreted to cover the dispute unless it can be stated with 'positive assurance' that the dispute was not meant to be arbitrated." <u>Grimm v. First National Bank of Pennsylvania</u>, 578 F.Supp.2d 785, 792 (W.D. Pa. 2008). Simply put, the claims against Davison Design must be resolved through arbitration.[1]

**Claims against George Davison, III.**

Plaintiffs argue that its claims against Mr. Davison, because he was a non-signatory to the NPSA, are not subject to arbitration. However, as attached to Plaintiffs' complaint, the documentary evidence (specifically the Addendum to the NPSA at Doc. No. 1-2 and 1-3) establishes that Mr. Davison is the "Founder," of the Davison Design, and his signature therefore binds Davison Design. Mr. Davison is an officer, director or partner of Davison Design, and therefore, as an agent of Davidson Design, is bound under the terms of a valid arbitration agreement. <u>Reijic v. Tullett Prebon Americas Corp.</u>, 2011 WL 2491342 at * 5 (citing <u>Pritzker v. Merrill Lynch, Pierce, Fenner & Smith</u>, 7 F.3d 1110, 1121-22 (3d Cir. 1993). (applying agency principles to require that claims against officers or employees of one of the contracting parties who were not signatories to the arbitration contract be submitted to arbitration).

---

[1] Plaintiffs do not appear to dispute that their claims against Davison Designs must be subject to arbitration. See Doc. No. 16 at p. 4. Rather, they argue that because the claims against George Davison, III and Maze are not subject to arbitration, and therefore, the Motion to Compel arbitration should be denied. As a general matter, to permit a party to avoid arbitration by adding a non-signatory simply to defeat the arbitration provisions of an agreement would frustrate public policy.

6

**Claim against Maze Innovations**

The only remaining issue is whether the conspiracy claim against Maze shall be arbitrated as well. Maze, like George Davison III, is a non-signatory to the contracts between Plaintiffs and Davison Design. However, it is well settled that "non-signatories to a contract . . . may fall within the scope of an arbitration clause if that is the signing parties' intent." Dodds v. Pulte, 909 A.2d 348, 351 (Pa. Super. 2006). In order for Maze to be considered in a manner that is consistent with a signatory (despite its status as a non-signatory), consistent with traditional principles of contract and agent law Maze must be (1) an intended third party beneficiary under the contract, (2) an agent of Davison Design, or, (3) Plaintiffs should be equitably estopped from avoiding arbitration. E.I. DuPont de Nemours and Co. v. Rhone Poulenc Fiber and Resin Intermediates, S.A.S. 269 F.3d 187, 200 (3d Cir. 2001).

In order to be an intended third party beneficiary, the Court must look to (1) the recognition of the beneficiary's right which must be appropriate to effectuate the intention of the parties; and (2) the performance must "satisfy an obligation of the promise to pay money to the beneficiary," or "the circumstances indicate that the promise intends to give the beneficiary the benefit of the promised performance." Guy v. Liederbach, 459 A.2d 744, 751 (Pa. 1983). Here, other than a reference to Maze being the "target company" to which ideas would be "presented," there is no evidence that Maze was an intended third party beneficiary of the contracts between the parties. There is also no evidence or factual allegations that Maze was an agent of Davison Design.

However, as for the third criteria, under an equitable estoppel theory, "courts have bound a signatory to arbitrate with a non-signatory at the non-signatory's insistence because of the close relationship between the entities involved, as well as the relationship of the alleged wrongs to the

7

non-signatory's obligations and duties in the contract . . and [the fact that] claims were intimately founded in and intertwined with the underlying contract obligations." Aluminium Bahrain B.S.C. v. Dahdaleh, 17 F.supp. 3d 461 (W.D.Pa. 2014) (citations omitted). "Estoppel can bind a non-signatory to an arbitration clause when that non-signatory has reaped the benefits of a contract containing an arbitration clause." Id,. at 470 (quoting Invista S.A.R.L. v. Rhodia, S.A. 625 F.3d 75, 85 (3d Cir. 2010)(other citations omitted).

While the third party beneficiary theory requires a court to look to the intentions of the parties at the time the contract was executed, the equitable estoppel theory requires a court to look to the parties' conduct after the contract was executed. E.I. DuPont, 269 F.3d at 200. Here, there is no evidence at this time that the non-signatory, Maze, embraced the contract during the lifetime of the contract or that it received any direct benefit under the contract. In other words, there is no evidence that Plaintiffs and Maze intended their disputes to be subject to arbitration. For this reason, the Court will not bind the signatory Plaintiffs to arbitrate their dispute with non-signatory Maze. The Court will therefore stay and administratively close this matter while Plaintiffs proceed with arbitration against Davison Design and George Davison, III.[2]

The Court does not find that judicial efficiency will be promoted by voiding the language of the Pre-Development and Representation Agreement and the NPSA, which both reflect an unambiguous and unmistakable intention for the parties (with the exception of Plaintiffs' claim against Maze) to submit all of their disputes to arbitration. The Court will not dismiss this case with prejudice, but rather, will stay the case and administratively close it while the parties proceed to arbitration. See Azur v. MBNA Corp., 2007 WL 1656255 (W.D. Pa. 2007)(citing

---

[2] However, as a practical matter, since Plaintiffs are compelled to arbitrate all claims against Defendants Davison Design and George Davison, III, and this Court has exercised its discretion to stay this matter pending the results of the arbitration process, Plaintiffs may wish to reconsider their current position in the interests of judicial economy and efficiency and resolve all disputes at arbitration (including the conspiracy claim against with non-signatory Maze).

Lloyd v. Hovensa, LLC, 369 F.3d 263, 269 (3d Cir. 2004)).  At the appropriate time following the conclusion of the arbitration process, any party may file a petition to reopen this case for the purposes of enforcing/vacating the arbitration decision and for resolving the remaining claim of civil conspiracy against Maze.  Defendants' Motion for Sanctions will be denied.  An appropriate Order follows.

                                                s/Arthur J. Schwab
                                                Arthur J. Schwab
                                                United States District Judge

cc:  All Registered ECF Counsel and Parties